IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 2:16-CR-89-JRG-HBG |
| JOYCE ANN SMITH, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on January 7, 2019, for a detention hearing to determine the Defendant's release status pending her revocation hearing before District Judge Ronnie Greer. Assistant United States Attorney Christian Lampe appeared on behalf of the Government. Assistant Federal Defender Nikki Pierce represented the Defendant, who was also present. The Government asked the Court to detain the Defendant pending her revocation hearing on March 20, 2019, arguing that she is a danger to the community and that the U.S. Probation Office recommends detention.[1] The Defendant sought release pending her revocation hearing. She proposed that she be released to enter a thirty (30) day residential treatment program, and thereafter to reside either alone at her home, or with her brother or daughter, and that she be placed on additional conditions, such as electronic monitoring.

With regard to detention, the Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to

---

[1] The Government did not allege that the Defendant is a flight risk.

the release or detention of persons appearing for an alleged violation of probation or supervised release, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a). The defendant bears the burden of showing that she will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. *See also United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). The nature and circumstances of the violations alleged in this case involve controlled substances, specifically, methamphetamine and barbiturates. *See* 18 U.S.C. § 3142(g)(1). The Defendant tested positive three times for the use of illegal substances. The Defendant also lied to Probation about her drug use. Based upon this testimony, the Court finds the weight of the evidence of the Defendant's dangerousness to be great. 18 U.S.C. § 3142(g)(2); *see Stone*, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

The third factor focuses on the Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). The Court observes that the Defendant probably has a stable place to live, that she is on disability (and not employed), and that she incurred a DUI charge while on supervision (which she plead down to a reckless driving conviction). Also, the Court finds that the Defendant was on federal supervised release at the time she committed each of the alleged violations, facts which also support detention. *See* 18 U.S.C. § 3142(g)(3)(B).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Court also finds this factor to weigh in favor of detention, given the failed drug screens and misrepresentation to Probation. The

acquisition and use of controlled substances indicates the Defendant's involvement in drug trafficking. *See United States v. Hernandez*, 2002 WL 1377911, *2 (E.D. Tenn. Feb. 27, 2002) (Edgar, J.) (holding that drug trafficking is inherently dangerous).

The Defendant has failed to carry her burden of showing that she is not a danger to the community. The Defendant has also failed to show that release on her prior conditions or any conditions would reasonably assure the safety of the community. The Government conceded that the Defendant needs drug rehabilitation but argued that the Defendant needed a period of sobriety before such a program could reasonably be expected to succeed. The Court agrees. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, and therefore, the Defendant is **ORDERED DETAINED** pending her revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge